## The People of the State of Illinois, Defendant in Error, v. Michael Elliott and Otho Jennings, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Michael Elliott and Otho Jennings, defendants, for selling intoxicating liquor in anti-saloon territory and for keeping a place where intoxicating liquor was sold, in violation of the Local Option Law (J. & A. ¶ 4637 et seq.). From a judgment of conviction, defendants bring error.

The Town of Decatur by a vote of the People on the 7th day of April A. D. 1914, became dry territory. The evidence for the People showed conclusively that the defendants, who had been in the saloon business before the town became dry territory, continued to run their dramshop in the City of Decatur within said town openly for a long period of time thereafter. The defendants did not testify themselves, nor offer any evidence, and made no defense whatever. The court imposed the minimum fine and the minimum jail sentence under each count against each defendant, and it was urged that the aggregate punishment was excessive.

In entering judgment the court ordered and adjudged, in substance, that the defendant Otho Jennings make his fine unto the People of the State of Illinois, in the sum of twenty dollars on each of the first seventy counts, and that he make his fine unto the People of the State of Illinois in the sum of fifty

dollars on the last, or seventy-first count, of the said indictment; that he be confined in the common jail of Macon county for a period of 10 days on each of the first seventy counts of said indictment; that he be confined in the common jail of Macon county for a period of 20 days on the last, or seventy-first count, of the said indictment; that the jail sentences imposed herein run consecutively, making a total of 720 days in jail; that he stand committed until said fine and costs are fully paid, or until he shall be otherwise discharged according to law. Substantially the same form of judgment was entered as to the defendant Michael Elliott.

J. C. Lee and Fred Hamilton, for plaintiffs in error.

Jesse L. Deck and Charles F. Evans, for defendant in error.

Mr. Presiding Justice Eldredge delivered the opinion of the court.

### Abstract of the Decision.

1. Intoxicating liquors, § 161*—*when punishment not excessive.* On a prosecution for selling intoxicating liquor in anti-saloon territory and for keeping a place where intoxicating liquor was sold, in violation of the Local Option Law (J. & A. ¶ 4637 *et seq.*), a judgment imposing the minimum fine and minimum jail sentence under each count fixed by statute against each defendant, *held* not excessive.

2. Intoxicating liquors, § 161*—*when judgments proper in form.* On a prosecution for selling intoxicating liquor in anti-saloon territory and for keeping a place where intoxicating liquor was sold, in violation of the Local Option Law (J. & A. ¶ 4637 *et seq.*), judgments held proper in form.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.